UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Zackery Christopher Torrence,<br><br>                         Petitioner,<br><br>    v.<br><br>Jeffrey A. Uttecht,<br><br>                         Respondent. | CASE NO. 3:19-cv-05428-RBL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: August 16, 2019 |

      The District Court has referred this action to United States Magistrate Judge David W. Christel. Petitioner Zackery Christopher Torrence filed his federal habeas Petition in May 2019 pursuant to 28 U.S.C. § 2254, seeking relief from his state court convictions and sentence. *See* Dkt. 1. The Court concludes Petitioner failed to properly exhaust his state court remedies as to all grounds raised in the Petition; however, a state remedy remains available to Petitioner. Therefore, the Court recommends the Petition be dismissed without prejudice. The Court also recommends denying Petitioner's Motion Requesting the Court Rule on the Petition ("Motion to Rule on the Petition") (Dkt. 10) and Motion for Summary Judgment (Dkt. 14) as moot without prejudice.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Petitioner is in custody under a state court judgment and sentence imposed for his conviction by jury verdict for three counts of first-degree child rape, four counts of first-degree child molestation, one count of second -degree rape, and one count of indecent liberties by forcible compulsion. Dkt. 12, Exhibit 1. Petitioner was sentenced in September 2018 to an exceptional sentence of 360 months of confinement. *Id.* Petitioner appealed his judgment and sentence in state court. Dkt. 12, Exhibit 2. Petitioner filed this Petition in May 2019. Dkt. 1.

Petitioner raises four grounds for relief all based on his claim he is unlawfully detained, and the State of Washington does not have jurisdictional authority to decide federal matters. Dkt. 6. On June 26, 2019, Respondent filed an Answer, wherein he asserts Petitioner has not properly exhausted his available state court remedies. Dkt. 11. Respondent maintains the Petition should be denied without prejudice for failure to exhaust state remedies. Dkt. 11.  In the alternative, Respondent argues Petitioner's claims fail on the merits. Dkt. 11. Petitioner filed a Traverse. Dkt. 13.

**DISCUSSION**

**I.      Exhaustion**

"[A] state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." *Picard v. Connor*, 404 U.S. 270, 275 (1971). Petitioner's claims will be considered exhausted only after "the state courts [have been afforded] a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

1    Here, Petitioner challenges his 2018 judgment and sentence and is still pursuing his direct

2 appeal in state court. Dkts. 6, 12 at Exhibits 1, 2. As Petitioner's direct appeal is still pending, the

3 state courts have not had a full opportunity to resolve any constitutional issues.[1] The Court also

4 notes the state court may resolve Petitioner's direct appeal in his favor, which could moot this

5 Petition. Moreover, because Petitioner's direct appeal is still pending, the time for filing a state

6 court collateral challenge has not expired. *See* RCW § 10.73.090. Therefore, the Court finds

7 Petitioner has not exhausted the state court remedies available to him.[2]

8    In the Traverse, Petitioner contends it is not appropriate for him to exhaust his state

9 remedies because the federal district court has original jurisdiction. Dkt. 13 at 1-2.  The Court

10 may consider an unexhausted federal habeas petition if it appears "there is an absence of available

11 State corrective process . . . or circumstances exist which render such process ineffective to protect

12 the rights of the applicant." 28 U.S.C. 2254(b)(1)(B). However, Petitioner has not shown there is

13 an absence of available state corrective processes or that circumstances exist rendering any state

14 process ineffective. Rather, Petitioner appears to disagree with the exhaustion requirement and the

15 state court's jurisdictional authority. Accordingly, the Court finds Petitioner has not shown there

16 are no state court remedies available to him.

17    Because the state courts have not yet had a full and fair opportunity to consider the merits

18 of Petitioner's claims, the claims are unexhausted and therefore ineligible for federal habeas

---

[1] Respondent does not argue the Petition is a mixed petition. *See* Dkt. 11.

[2] Respondent does not address whether federal intervention with Petitioner's pending state criminal proceedings would be inappropriate under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, abstention from interference with pending state judicial proceedings is appropriate if (1) the proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Dubinka v. Judges of the Superior Ct.*, 23 F.3d 218, 223 (9th Cir. 1994); *Trammell v. Warden*, 2009 WL 2407665 (C.D. Cal. July 31, 2009) (finding abstention was required when a petitioner's direct appeal was still pending). Thus, the Court declines to make a determination on the *Younger* abstention issue at this time.

1  review. *See Schwartzmiller v. Gardner*, 752 F.2d 1341, 1349 (9th Cir. 1984) ("The exhaustion of
2  state remedies doctrine limits the issues a habeas corpus petitioner may raise in federal court to the
3  'same claims' that are 'fairly' presented to the highest state court."). Accordingly, the undersigned
4  recommends the Petition be dismissed without prejudice. *See Watson v. Lampert*, 27 Fed. Appx.
5  824 (9th Cir. 2001) (affirming the district court's decision to dismiss the petition without
6  prejudice for failure to exhaust when the petitioner's direct appeal was pending at the time he
7  filed his § 2254 petition).[3]

## EVIDENTIARY HEARING

The decision to hold an evidentiary hearing is committed to the Court's discretion. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Id.* at 474. In determining whether relief is available under 28 U.S.C. § 2254(d)(1), the Court's review is limited to the record before the state court. *Cullen*, 563 U.S. at 181-82. A hearing is not required if the allegations would not entitle Petitioner to relief under §2254(d). *Landrigan*, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id*. The Court finds it is not necessary to hold an evidentiary hearing in this case because, as discussed in this Report and Recommendation, the Petition may be resolved on the existing state court record.

---

[3] In the alternative, respondent argues Petitioner's claims fail on the merits, arguing the Petition should be dismissed with prejudice. Dkt. 11. Because the Court has determined the Petition is unexhausted and recommends dismissing the Petition without prejudice, the Court declines to address Petitioner's claims on the merits at this time.

REPORT AND RECOMMENDATION - 4

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

No jurist of reason could disagree with this Court's evaluation of Petitioner's claims or would conclude the issues presented in the Petition should proceed further. Therefore, the Court concludes Petitioner is not entitled to a certificate of appealability with respect to this Petition.

## OTHER PENDING MOTIONS

Petitioner also filed a Motion to Rule on the Petition (Dkt. 10) and Motion for Summary Judgment (Dkt. 14). In the Motion to Rule on the Petition, Petitioner argues Respondent has failed to provide legal cause for Petitioner's arrest and detainment and requests the Court order Respondent to present the bill of indictment of a grand jury. Dkt. 10. In the Motion for Summary Judgment (Dkt. 14), Petitioner argues summary judgment is appropriate because the facial constitutionality of a state statute is at stake and "the provisions or practices application in the particular case is not in dispute." Dkt. 14 at 1. Petitioner also argues a judgment and sentence is not a legal cause for an arrest. Dkt. 14 at 1. As discussed above, the Court concludes the Petition is unexhausted and recommends it be dismissed without prejudice. Accordingly, the Court

recommends the Motion to Rule on the Petition (Dkt. 10) and Motion for Summary Judgment (Dkt. 14) be denied without prejudice as moot.

## CONCLUSION

The Court recommends the Petition be dismissed without prejudice. No evidentiary hearing is necessary, and a certificate of appealability should be denied. All pending motions (Dkts. 10, 14) should be denied as moot without prejudice. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on August 16, 2019 as noted in the caption.

Dated this 25th day of July, 2019.

/s/ David W. Christel
David W. Christel
United States Magistrate Judge